arguments not to exceed 15 minutes per side. Ms. McWhorter, for the appellant, you may proceed. Judge Siler, Judge Kethledge, and Judge Watson. Before I forget, I would like to reserve five minutes of argument for rebuttal. If you could let me know, I would appreciate that. When it turns red, that means you're out of your ten minutes, and if you want to go into your rebuttal, then you just keep talking. Okay, I'm a little nervous. This is the first time I've ever been here, so I'm going to take a deep breath and try to get through this. I'd say anybody who's, any lawyer who says they've never been nervous walking up to the podium is not telling the truth. Okay, and I wrote out my argument to try to keep myself organized, so if you see me reading a part of it, I apologize. From all the research that we have conducted, we find that there is no law in any circuit, or by the Supreme Court, or by any district court, that have addressed what I believe is the principal issue in this case and in this appeal. We believe that the issue is of first impression, and in order to look at that, we need to look at Federal Rule of Civil Procedures 32.2b, which states in pertinent part, if the government seeks forfeiture of a specific property, the government must determine whether the government has established the requisite nexus between the property and the offense. Well, okay, let me stop you there, because I think there is precedent that says, I mean, your client is a third party here. Your client was not the defendant in the criminal case. That is right. And there does seem to be precedent, and the committee notes, the advisory committee notes to Rule 32.2 seem to say, straight up, as a matter of fact, I think I can quote them, when you bring an 859N petition, which is what you've brought, correct? Right. Okay, and they say an 859 petition, quote, does not involve re-litigation of the forfeitability of the property. Its only purpose is to determine whether any third party, like your client, has a legal interest in the forfeited property, and specifically whether the third party's legal interest is superior to the defendant's. All right, and so that on its face seems, in a case brought by a third party, to limit our inquiry to a single question, whether the third party's interest is superior to the defendant's, and does not allow us to re-litigate whether the property itself, it's an antecedent determination that the property itself is subject to forfeiture, which seems to exclude the argument you're trying to make. In looking at that, though, that is, it's a committee note, but I don't find anywhere where that has been a decision of the court, and the problem I have with that is if you look at the procedures that went through in this case. A whole bunch of circuits have so held. We haven't gotten there yet, but the 5th, 2nd, 8th, 10th, and 11th have uniformly limited. Some of them have rejected it. Who's gone the other way, do you know? I mean, I'd just be very interested to know. I think that there was one, he cited, it was Holy Land. I think the district court in Illinois came back and said no, that they weren't going to follow that. That's just one that's popped off the top of my head, but I couldn't find anything here where they've gone. Do you have a circuit case from one of the other circuits that says what you're saying here? I don't. That's why I said I think we're here. It's a condition of first impression, and here's the problem. I think when you look at Rule 32.2B, there's a condition precedent that didn't take place here, and that's the problem. In order to get to 853N, you have to have the government and the district court has to go through and establish the nexus, and in this case... But isn't that just another, I mean, you are contesting the forfeitability at this point, right? Well, if you can't forfeit the property, then we stand in the superior position, because if the property, which in this case was owned by a series of LLCs and trusts, if those, and they were not party defendants to the criminal actions of Mr. Fabian, although the government has tried in the motions and briefs that it submitted to the court to say that they were in some way affiliated with it, that that was the means that he had used, but when the motions and briefs to the court, Mr. Fabian pled guilty to a wire fraud case in this involving Diane Wyandotte. In that case, he pled guilty to an allegation that he had encouraged her to invest money into a fictitious RBC holdings, which is Royal Bank of Canada. He made phony baloney documents, he created all sorts of nifty things, and then said, here, donate this money, which she did. That was what the information that he was charged with, which was a wire fraud. That's what he pled guilty to, and when he pled guilty, the information and the documentation that they're trying to deal with said, look, he had associations with Fabian and Associates, which was the company that he worked for, and the vehicle to which he was committing the fraud with Diane Wyandotte was recycling brokers, which is what he used for the RBC money. The problem was is that they tried when they came in to Judge Neff and said, all right, it's not just this situation with Diane Wyandotte, but it's and others, trying to create it almost as if it's a racketeering argument, when in fact they didn't charge him with a racketeering case. And what constitutes the and others? Does it constitute Diane Wyandotte and her husband and her children, or her neighbors, or does it constitute what? Well, then they come to the court and they say, all right, Judge Neff, we have all of these LLCs that Mr. Fabian may have an interest in. You mean by the fact that he's the registered agent of virtually every one of them? He's the registered agent of several of them, but the problem is I don't think he's on some of them. Stephanie's the only other name, and then there are five others that the government identified. Jason and Stephanie and Barbara, Kelsey. But when you look at the properties that they have listed, they still haven't said these are LLCs, remember, too, and that those constitute members and member holdings. They didn't go through and say, all right, he's a registered agent. But not have an ownership interest in the LLC. Does the record show how Mr. Mace ends up having this role with all these companies? There is no record. This is the first time we've ever gotten a chance to argue before the court. They claim you don't have a very specific statement as to what kind of interest that your client had and when he got it. Was that in the record, or is that not in the record? Well, again, there was no hearing. There was no ancillary. No, I'm both saying anything filed in the record by your client saying I own this part or I'm a member of this LLC, and I got it on the 1st of July. Filed by my client, there was, I don't recall if there was any affidavit that was filed by him other than that was originally attached to our document. I don't believe so. However, documents that were submitted by the government, and there was a series of them that had the front cover sheets of the LLCs, indicate that he was members of Raven, that he was a member of Buzzard and Onager, and some of the other LLCs. Did it show when he got it? Did it show when he got the... Got his interest, you know? He got it some way. It doesn't say. I don't know if it has a specific date. If we had been allowed to go before the court, we could at least have said and shown that in August of 2008, Mr. Mace gave Mr. Fabian $100,000 for Buzzard for the purposes of purchasing property. Well, I mean... Oh, please, go ahead. I was just going to say, you said if you were allowed to go before the court, couldn't you file something on paper or file an affidavit or something? And to build on that, I mean, the statute 853N3 requires, frankly, you to put this in your petition. Let me read it. It says you have to set forth the nature and extent, quote-unquote, of the interest, along with, quote, the time and circumstances, quote-unquote, of how he got it. And this petition, is it fair to say it doesn't do that? In the documentation... Is it fair to say it doesn't do that? Would you agree with that? That we didn't set forth in our... Yeah, what I just read. I mean, it doesn't set forth the nature and extent of his interest in, you know, these, like, vehicles and so on or whatever it was, and it doesn't specify the time and circumstances, the $100,000 that you were just starting to describe. It doesn't describe that. Is that, I mean, is that a fair characterization of the petition itself? The petition states that we had a legal interest. I would concede that. Does it go into detail? Could it have been more detailed? Well, you know, sometimes judges like to ask yes or no questions, and this is one of them.  Does it state the nature and extent of Mr. May's interest in the property or the time and circumstances of how he got his interest? It's not in the petition itself. In the petition itself, it does not state the time frame, no. It does state that there's an interest that we had obtained through a civil judgment that we have against the various LLCs. It does indicate that we have a membership interest in Raven. I believe it also labeled Buzzard. It doesn't say when that interest occurred, but that we have a membership interest. Okay. But I will also. Well, that's helpful. If you want to go into your rebuttal, you can, but you're out of the tent. Sorry. That's all right. That's okay. All right, very good. You'll have your five minutes. We'll hear from the United States. Thank you. Good morning, Your Honors. May it please the Court. Joel Fossen on behalf of the United States. The petitioner just conceded that Mr. Mays did not comply with 21-853-N-3 when filing his petition. Didn't state the legal time or circumstances of the acquisition of his right title. Well, I mean, Ms. McWhorter did say that the petition referenced a civil judgment that had given Mays some interest in some of his property. How about that? And we addressed that in the paper, Your Honor. Under United States v. Campos, if all Mr. Mays has is a civil judgment, and again, the main point I want to make here is that it's Mr. Mays' burden in order to assert his legal right title and interest and to state a claim for this forfeited property. But even if he has a judgment of some sort, if it's unsecured and not secured against specific property, which Mr. Mays never asserted it was, he has no specific claim to any of the property that's subject to forfeiture. This court held that in United States v. Campos, and that's been the precedent in this court for nearly 30 years now. Mr. Mays is simply trying to re-litigate the district court's decision as to the forfeitability of the property. He began his argument with, was there a nexus between the underlying crime and the forfeiture of the property? And I'd submit, with all due respect to my opponent here, that's a complete and total red herring. The main reason for that, and one of the biggest reasons, is because the government forfeited all of these assets as substitute assets. And how are those defined or bounded? What can be substitute assets? Any other property that the defendant has a right title or interest in. So if the property that's involved with the wrongdoing itself isn't enough to meet the judgment, then you can go after anything the guy owns? Correct, Your Honor. And that is codified at 21 U.S.C. 850. We don't get these every day. I understand, Your Honor. So yes, that's How do you go about demonstrating that he has an interest in the property? I mean, how does anyone have confidence in the fact that you essentially make an assertion before the district judge that things are the way we say they are because we've done an investigation? Tell us about that investigation. Sure. What do you do? In this case, Your Honor, Mr. Fabian pled guilty pursuant to the terms of the clear agreement. According to those terms, he had to fill out a financial affidavit, which he did. And that's in the record at document 21-1, I believe. He swore out that financial affidavit under penalty of false statement under 18 U.S.C. 1001. This from a guy convicted of wire fraud? This from a guy who's convicted of wire fraud. He provided an itinerary of all the property that he alleged he was an owner of. He specified on there certain properties, and it was simply real properties that he used that he purchased through his victim's fraud proceeds. And based on that, we made a showing, which Mr. Fabian did not contest, that the court should enter a preliminary order and forfeit his right, title, or interest in that. Now, when you go back to Rule 32.2 Mr. Fabian couldn't have stepped in at that point anyway, could he? No, he couldn't because the preliminary order of forfeiture, it's called a preliminary order simply for that. Yes, Mr. Mays. I just want to understand. Yes, correct. And I'll finish one thought here and then jump to that. Rule 32.2 provides that the district court must enter the preliminary order without regard to any third party's rights to the property. This is the property involved in the wrongdoing again? No, this is the property that he submitted on his financial affidavit where he swore and said that. Other property. This was mine. Substitute assets. I see. Okay. So the preliminary order. So the district court followed Rule 32.2, which says it must enter the preliminary order forfeiture without regard to any third party's right, title, or interest in the property. The first question the panel asked was whether there was any precedent in any of the circuits that goes the other way, i.e., whether someone has standing to come in and contest a preliminary order of forfeiture before the preliminary order of forfeiture is entered. And it isn't because it goes contrary to the statutory scheme. 21-853-K specifically says that the only procedure by which a third party can contest the forfeiture of property is through the procedure set forth at 21-853-N, and that's supported by this court's holding in United States v. Brown, United States v. Erpenbeck, and the Fifth Circuit and United States v. Holy Land Foundation list a litany of circuits that follow that same precedent. No circuit's gone the other way? No circuit has gone the other way, based on my research, Your Honor. So from that standpoint, Mays absolutely did not have any standing to come in and contest the preliminary order of forfeiture prior to it being published, and aside from following the statutory scheme set forth at 21-853-N, which he concedes here he failed to do. There's an issue of Article III standing and an issue of statutory standing in any third party petition, and the whole reason 853-N-3 exists is to prohibit fraudulent or frivolous claims. In other words, when the government attaches property through the forfeiture process, Congress did not intend for anyone to come in and simply make a claim to the property. That's why they have to state when they acquired their legal right, title, or interest, what the nature of that interest is. They have to fill out their petition under penalty of perjury, and this court's precedents have stated repeatedly that you can't simply make a bare assertion of legal title or a legal interest. More is required, and if you look at Mr. Mays's... Does one case in particular come to mind where we said that? I know it's in your brief, but... Sure. There's a civil forfeiture case. It's U.S. v. 500-and-some-thousand-odd dollars in currency. It talks extensively about Article III standing, and, in fact, that case was determined... Did that talk about the bare assertion, not enough? Correct. It says naked assertions of legal title or simple possession claims are not enough. In other words... That was one of our cases? That is one of the Sixth Circuit's cases. It is a civil forfeiture case. I also cite the White case, which I believe is out of the U.S. Okay. Do we have an 853-N case that... Not N, I'm sorry. Yeah. The N-3, right? That's what has sort of the pleading requirements? Is that what we're talking about here with the bare assertion? Absolutely. Do we have an N-3 case that invokes the bare assertion rule with respect to the provision that we're applying here? Well, the Campos case was based on the claim of an unsecured creditor, and the Sixth Circuit in 1988 decided that an unsecured creditor as to a drugstore that was wrapped up in a drug trafficking scheme had no standing to contest the forfeiture because they couldn't demonstrate their specific legal title in the property. Now, the government admits Mr. Mays was a victim of Mr. Fabian's crime. He's listed in the judgment. He has restitution due and owing to him of $430,000. But simply because he's a victim does not give him a specific legal right, title, or interest in the property that's subject to forfeiture, and the law requires him to make at least a colorful showing of that, which he failed to do here. What would he do? Have to show how he got it and when he got it? Is that enough? He has to show how he got it, when he got it, what the nature of his interest is, whether it's full-on ownership, whether it's potentially a rental. Part of an LLC or something like that. Right. Correct. Whether he's a beneficiary, et cetera. Is a district judge entitled to take judicial notice of a civil judgment that would define the extent of the person's interest and presumably describe how it was acquired? Well, if you're asking, and please ask me another question here if I'm misinterpreting your question, Your Honor, but a district court, if, for example, and this is hypothetical because I have no knowledge and Mace has never asserted that he ever secured this judgment to property, I know in the Western District of Michigan he filed a civil RICO claim against Mr. Fabian. I believe in that lawsuit, and you can ask my opponent here, I believe he got a default judgment. I believe he got that default judgment after the order of forfeiture for substitute assets was already entered. So this was post conviction? Correct. Post conviction. Notwithstanding that, even though he simply had a civil judgment where it said Mr. Fabian is indebted now to Mr. Mace to the tune of $1.3 million, if he didn't take that judgment, file it in the county land records or file UCC claims as to the specific property that we were seeking to forfeit, it didn't attach. And that's pretty standard secured interest law. 853 N2 says that the subject of the petition, the kind of petition we have here, is for the court to adjudicate the validity of his alleged interest in the property. Is that all he has to show, is that he has some interest, or is there a provision that I'm losing sight of in here that says his interest has to be superior to that of the defendant in order for the property not to be subject to forfeiture? He has to assert enough facts so the district court can say, and can understand based on the papers what type of interest he has in the specific property. Your question, Judge Kethledge, as to the timing of it, that's why 853 N3 imposes a timing requirement. I'm kind of going to the ultimate question here. Ultimately in this kind of proceeding, is the district court determining whether the third party's interest is superior to the defendant's interest in the property, or just whether the third party has any interest? Yes. Okay, whether? That was not a yes or no question. No, it gets directly to the two avenues through which a third party can extract property out of a criminal forfeiture order. They're codified at 853 N6A and B. N6A provides for a superior legal right title of interest that was vested in the petitioner, i.e., the third party, rather than the defendant at the time the government's interest attached, either through a forfeiture order for substitute assets or under the relation back doctrine. He can't claim one of those tractors or some of that other equipment unless he had superior interest before the forfeiture, right? Correct. So you have to have a date. Correct. Or at 853 N6B if he's a bona fide purchaser for value of the legal right title or interest and had no knowledge that the property was subject to forfeiture. All right. It's kind of a UCC type. A bit. So a brief hypothetical. Again, this is a hypothetical because there's no evidence whatsoever that Mr. Mays ever attached his default judgment to specific property. But let's say he did. And let's say he did that after the government got its forfeiture order for substitute assets. He still would not be able to show a legal right title or interest. His petition would still fail to state a claim upon which relief can be granted. That's why all of those requirements are in there. Because you personally held a security interest in all these vehicles. And he had actually loaned Fabian money to purchase the vehicles. And you guys then want to take the vehicles. And he pops up timely and with adequate pleading says, you can't do that. I'm a secured creditor. I perfected, et cetera. Then you would have to back off then. Is that right? That's absolutely correct, Your Honor. And that happens routinely. Well, yeah, it does happen. Banks probably. I'm the asset forfeiture coordinator for my district, and so that has happened in prior cases. You probably have banks. Absolutely. Correct. And that's the classic example, Judge Kethledge, is when you have a bank that has a mortgage on a piece of real property that was used, for example, to facilitate drug trafficking, we don't take that property and make the bank take a loss there. We end up recognizing that bank's interest. But it remains the bank's obligation to come in and claim that interest. And they can't do it until after this preliminary order, right? That is correct. Because, say, for example, there was a $300,000 house, okay, and the defendant has $200,000 in equity and there's only $100,000 remaining on that mortgage, the government's going to want to take that $200,000 in equity. But once the bank shows up and states a valid claim under 853N3 and says, here's the mortgage, it predated the drug trafficking, and we clearly had no idea that this house was being used to facilitate drug trafficking, we end up settling with the banks. Mr. Mays never did that. And there are strict timing requirements under 853N. You get one bite at the apple, and you have to do it within 30 days of receiving notice. Mays filed his petition, and all he could ever state was a, quote-unquote, legal interest. None of these LLCs ever filed a claim. I placed the chart in the brief so the court would have a visual display of who, to the government's knowledge, was associated with these LLCs. It never came to light, frankly, why Mays was ever part of these LLCs from an individual who was simply taking money from individuals under fraudulent pretenses and cycling it through a number of these corporations. Okay. Any further questions? All right. Thank you very much. Appreciate the argument. No rebuttal. I mean, you do have this remaining problem of whether you can even contest the nexuses, as you put it. Well, I have one other thing to at least submit. Mr. Mays was, as I started to say, is a member of several of these LLCs. And in order to forfeit the property under the LLC, then you have to go look at the interest, and that then goes to Michigan law, and that would talk about dissolution of the property and the operating agreements. Now, the government had the operating agreements. They seized Mr. Fabian's, all of his property, all of his documentation. They supplied the court with front and not back pages, but just a front page of the LLC's agreements, operating agreements, so they were aware that Mr. Mays was a member of that. You had to show your client's interest was, quote, superior, didn't you? Well, if he's a member of it and he's given the money to it, here's the problem, is then you have to go and say, What's Mr. Fabian's interest? Well, nobody's ever established what Mr. Fabian's interest. The government's just coming before this court, as it did the district court, and said, Well, Mr. Fabian had an interest. Mr. Folsom's response would probably be, It's your burden to sort this out and come forward with a petition that spells it out, or else you're out of luck. Then that's where it gets to that 32.2. They had the condition by a preponderance of evidence precedent to say he has an interest. I can't just say I have an interest. Wait a minute. I don't understand what you mean. Well, what I'm saying is Mr. Fabian simply prepared an OBD 500. He listed a series of properties and said, I have an interest in those. That's the basis for the forfeiture. Then you have to come in and say, No, it's not his, it's mine. Well, the problem with it is the OBD 500 by Appellee, when Mr. Fabian prepared it, already had problems. They came before Judge Neff saying, This OBD 500 is inaccurate. Mr. Fabian isn't being very truthful. So Judge Neff sorted all that out and said, All right, bottom line, here is the property subject to forfeiture. And, frankly, the statute bars you from participating in that determination, right? So, again. I don't think she did because there wasn't any evidence. I mean, you're saying she didn't have a good reason, but she did make a determination, a determination you're not entitled to intervene in. And it seems like you're stuck with it. And now you just have to say that your client has a superior interest, unless we're mistaken, unless the other five circuits are wrong. Well, I think the superior interest would be if they can't forfeit the property to begin with, and he's a member of it, or if they can't forfeit the property and he has a judgment already against it, then we have a superior interest. Okay. Okay. All right. That's fine. Okay. Okay. Well, I mean, we understand your argument on that point. And I don't think I have anything further. All right. Very well. Thank you both for your arguments. The case will be submitted. The clerk may adjourn court.